IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMIE L. O'BRIANT, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| V. | § | CIVIL ACTION NO. |
| | § | |
| HAIR CLUB FOR MEN, LLC; HAIR | § | 4:09-cv-01679 |
| CLUB FOR MEN, LTD., INC.; REGIS | § | |
| CORP.; AND REGIS CORPORATION, | § | |
| | § | |
| Defendants. | § | |

### DEFENDANT REGIS CORP. AND REGIS CORPORATION'S
### MOTION FOR SUMMARY JUDGMENT

Defendants Regis Corp. and Regis Corporation (together, the "Regis Defendants") hereby file this Motion for Summary Judgment, and would respectfully show as follows:

### INTRODUCTION

Plaintiff, a former employee of Hair Club for Men, LLC ("Hair Club"), has sued a number of entities, including the Regis Defendants, under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* (FLSA or Act). To succeed on her Act claims against the Regis Defendants, Plaintiff must prove they had an employer-employee relationship with her. As demonstrated below, no employment relationship existed or exists between Plaintiff and the Regis Defendants. Thus, summary judgment as to the Regis Defendants should be granted.

### STATEMENT OF UNDISPUTED FACTS

Based upon the Declarations of Darryll Porter, CEO of Hair Club for Men, LLC (attached as Exhibit 1); Brent Moen, Vice President, Corporate Controller, Regis Corporation (attached as Exhibit 2); and Michele Graves, Vice President of Human Resources for Hair Club for Men,

LLC, with Attachments A through D (attached as Exhibit 3), the Regis Defendants set forth the following.

1. Plaintiff Jamie O'Briant ("Plaintiff") allegations in her Complaint pertaining to her employment as a stylist for Hair Club. Plaintiff applied for a job with Hair Club—not the Regis Defendants—on September 8, 2006. Exhibit 3, Attachment C. She does not claim that she is now, or has ever been, employed by the Regis Defendants.

2. Hair Club provides hair loss remedies and styling services to men and women. Exhibit 1 §6. It offers programs including non-surgical hair replacement options, therapeutic growth stimulation, topical treatments, and, at some locations, surgical hair transplants. *Id.*

3. Hair Club was founded in 1976. Exhibit 1, §3. It operated as a private, independently run company until its acquisition by Regis Corporation ("Regis") in November 2004. *Id.* §§ 3-4; Exhibit 2 §4. Now Hair Club is a wholly owned Regis subsidiary, but continues to operate and be managed separately and independently. Exhibit 1 §4.

4. Prior to its acquisition of Hair Club, Regis did not own any hair restoration businesses. The hair restoration business is different from Regis's salon operations businesses, and thus Regis's salon and field operations, and management structure, is different from Hair Club's. Exhibit 2 §§5-6.

5. All management functions for Hair Club are located in its Boca Raton, Florida, headquarters, separate and apart from Regis's Minneapolis, Minnesota, headquarters. Exhibit 1 § 5; Exhibit 2 §6.

6. Furthermore, Hair Club has its own departments and functions for accounting, information technology, human resources, real estate and facilities, corporate and legal, production, research and development, corporate development, franchising, marketing and

advertising, sales and training. All of these functions and departments report to the CEO of Hair Club, Darryll Porter, and work independently from Regis. With the exception of training and sales, which are based in Hair Club's Houston Center, all of these functions and departments are based in Hair Club's Boca Raton offices. Exhibit 1 §5; Exhibit 2 §8.

7.  Hair Club maintains its own company-wide computer network with our own servers and data center, separate and apart from Regis's servers and data center. Hair Club also has its own separate and distinct web site, www.hairclub.com. Hair Club also maintains its own call center, separate and apart from Regis and located in Hair Club's Boca Raton office. Exhibit 1, §7.

8.  Hair Club's human resource function is separate from Regis; Hair Club's human resource function is located at Hair Club's Boca Raton office, not at Regis Minneapolis offices. Exhibit 3 §4.

9.  Hair Club has its own employee handbook. Hair Club's employee handbook is separate from Regis's employee handbook, and Hair Club employees' employment is not governed by the Regis Corporation handbook. Exhibit 3, §5. Hair Club's policies regarding payroll and time reporting are determined by Hair Club management and are not copied from Regis policies, nor directed by Regis management. *Id.* § 8.

10.  The job descriptions for and functions of Hair Club employees are unique to Hair Club and are not determined by Regis. Exhibit 3 §7.

11.  Pay structure, commission, and bonuses for Hair Club employees, with the exception of the Hair Club CEO, is determined by Hair Club management and is not directed by Regis. Exhibit 2 §9; Exhibit 3 §6.

12. Hair Club Human Resources is responsible for maintaining personnel files for Hair Club employees. These files are located at Hair Club's Boca Raton offices. Exhibit 3 §9.

13. All scheduling, hiring, firing, and any other terms or conditions of employment for Hair Club employees is set exclusively by Hair Club management. Exhibit 2 §9; Exhibit 3 §12.

14. Employees of Hair Club are paid by Hair Club, not Regis. Exhibit 3 §11. The Plaintiff in this case was paid by Hair Club. *Id.*, Attachment D.

## ARGUMENT & AUTHORITIES

### A. Summary Judgment Standards.

This Court is familiar with the standards governing motions for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, and extended discussion of same is pretermitted. Where there is no dispute of material fact and plaintiffs cannot establish an essential element of their claims, upon which they have the burden of proof, summary judgment is warranted. Speculation, unsupported beliefs and opinions are not sufficient to meet their burden. *See, e.g., Forsyth v. Barr*, 19 F.3d 1527 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994).

Where there are no material factual disputes, the determination of whether a company is an employer or joint employer is a question of law. *Beliz v. W.H. McLeod & Sons Packing*, 765 F.2d 1317, 1327-28 (5th Cir. 1985); *see also Watson v. Graves*, 909 F.2d 1549, 1556 (5th Cir. 1990) (noting dismissal is appropriate where a plaintiff fails to provide facts or arguments substantiating his employment relationship with the defendant). On the undisputed facts in this case, the Regis Defendants are entitled to summary judgment.

**B.     The Merits.**

An employer-employee relationship is an essential element of Plaintiff's claims under the FLSA. *See* 29 U.S.C. §207(a). Here, Plaintiff does not claim that she was employed by the Regis Defendants. Rather, the Regis Defendants apparently are in this litigation simply because of their corporate relationship with Hair Club. This is legally insufficient to subject the Regis Defendants to suit under the Act. The Regis Defendants are not, and never have been, the employer of Plaintiff, and thus, are not proper defendants to her claims.

1.     *Joint Employer Analysis*

Plaintiff may assert that the Regis Defendants were "joint employers"[1] with Hair Club under the Act, and, as such, should remain in the suit. As the Act defines "employer" broadly as "any person acting directly or indirectly in the interest of an employer in relation to an employee," it clearly contemplates that an employee may have multiple or "joint" employers for its purposes. 29 U.S.C. §203(d). In assessing "joint employer" status under the Act, the Fifth Circuit generally applies a four factor "economic realties" test.[2] *See, e.g., Watson v. Graves*, 909 F.2d 549, 1553 (5th Cir. 1990). These four factors analyzed are whether the alleged employer has the power (1) to hire or fire employees; (2) to supervise and control employee work schedules or conditions of employment; (3) to determine the rate and method of payment and (4) to maintain employment records. *Id.* In this case, none of these factors support a finding that the

---

[1]     Under the regulations issued by the Department of Labor under the Act, 29 C.F.R. §791.2, a joint employer relationship generally is found only where (1) the employers have agreed to share an employee's services; (2) where one employer is acting in the interest of the other in relation to the employee; and (3) whether the alleged joint employers may be deemed to share control of the employee because one employer is controlled by the other.

[2]     Earlier cases applied a five factor test. *See, e.g., Wirtz v. Lone Star Steel Co.*, 405 F.2d 668, 669-70 (5th Cir. 1968). Those factors are (1) whether the employment takes place on the company's premises; (2) how much control does the company exert over the employee, (3) does the company have the power to hire, fire or modify the employment conditions of the employee, (4) does the employee perform a specialty job within a production line and (5) can the employee refuse to work or work for others? Under this test, there is no joint employer status established in this case.

Regis Defendants employed Plaintiff. As previously set forth, Hair Club—not the Regis Defendants—decides whether to hire or fire Hair Club employees and what the conditions of those employees' employment, including their compensation, will be. Exhibit 3 §§5-8. Furthermore, Hair Club's employment records are maintained at its Boca Raton headquarters, not at Regis Corporation's headquarters in Minneapolis. *Id.* §9.

### 2. *Joint Employer Analysis in the Parent-Subsidiary Context*

When a subsidiary hires an employee, the subsidiary, not the parent, is presumed to be the employee's employer. *See Johnson v. Flowers Indus., Inc.*, 814 F.2d 978, 982 (4th Cir. 1987) (granting summary judgment for parent company where there was no evidence the parent made the day-to-day decisions or had any control over personnel decisions). A parent may be liable for its subsidiary's employee's claims under the Act "when [it] substantially controls the terms and conditions of employment at its subsidiary on a regular basis." *Lehman v. Legg Mason, Inc.*, 532 F.Supp.2d 726, 733 (M.D. Pa. 2007), *citing E.E. Falk v. Brennan*, 414 U.S. 190, 195 (1973). However, if the parent is not responsible for the day-to-day management of its subsidiary's employees, such as setting compensation and work schedules, it is not an "employer" under the Act. *Maddock v. KB Homes, Inc.*, No. CV-06-05241, 2007 WL 4287627 (C.D. Cal. Oct. 18, 2007) (granting summary judgment in favor of parent company).

In this case, Regis did not and does not control the terms and conditions of Hair Club employee's employment. As explained in the Declaration of Hair Club's Vice President of Human Resources, Michele Graves, Hair Club's human resource function is located at Hair Club's Boca Raton headquarters, and is independent from Regis's Minneapolis headquarters. Exhibit 3 §4. The job descriptions for, and functions of, Hair Club employees are unique to Hair Club and are not determined by Regis. *Id.* §8. The compensation of Hair Club employees, as

6

well as the policies regarding payroll and time reporting that govern those employees, is set by Hair Club management and is not directed by Regis. *Id.* §§ 6, 8; *compare Hodgson v. Servomation-Ajax Co. Inc.*, 323 F.Supp. 1047, 1049 (N.D. Miss. 1971) (finding the parent's executive had the "last voice over all matters of importance" concerning the subsidiary's activities). Hair Club employees have their own employee handbook separate from Regis's handbook. Exhibit 3 §5, Attachment C; *compare Yaklin, et. al v. W-H Energy Services*, et. al, No. C-07-422, 2008 WL 4692419 *8-9(S.D. Tex. Oct. 22, 2008) (concluding fact that same handbook applied to parent and subsidiary, in conjunction with testamentary evidence, was sufficient to create fact issue on whether the parent company was the plaintiff's employer). Indeed, all scheduling, hiring, firing, and any other terms or conditions of employment for Hair Club employees is set exclusively by Hair Club management. Exhibit 3 §12. Given these facts, it is apparent that despite Regis's ownership of Hair Club, the Regis Defendants do not make day-to-day decisions regarding the terms and conditions of Hair Club's employees, and thus should not be considered the employer of those employees.

## CONCLUSION

Hair Club operated as an independent company for nearly thirty years. Despite its acquisition by Regis, it has not integrated its management functions into Regis, and it remains far removed from Regis both geographically and in terms of influence and control. While the case law developed from the Act makes clear that a parent can be found the "employer" of a subsidiary's employees in certain circumstances, this is not one of them. Hair Club alone controlled the terms and conditions of Plaintiff's employment and that of her co-workers, and thus Hair Club alone should be required to respond to Plaintiff's claims in this case.

Respectfully submitted,

*/s/ Nancy L. Patterson*
Nancy L. Patterson
State Bar No. 15603520
Federal ID No. 10221
V. Loraine Christ
State Bar No. 2450417
Federal ID No. 611166
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana, Suite 4200
Houston, Texas 77002
(713) 890-5000 - Telephone
(713) 890-5001 - Facsimile

ATTORNEYS FOR DEFENDANTS
HAIR CLUB FOR MEN, LLC, HAIR CLUB FOR MEN, LTD., INC., REGIS CORP. AND REGIS CORPORATION

## CERTIFICATE OF SERVICE

I certify that on this the 2nd day of October, 2009, a copy of the foregoing was served on Plaintiff's counsel by electronic filing pursuant to Local Rule 5.1 of the United States District Court for the Southern District of Texas.

*/s/ Nancy L. Patterson*
Nancy L. Patterson

DB1/63709679.1